UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| EDWARD BUIEL CONSULTING, LLC d/b/a COULOMETRICS LLC, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 1:19-cv-366-PLR-SKL |
| ADRIAN YAO, *et al.*, | ) ) | |
| *Defendants*. | ) | |

| | | |
|---|---|---|
| EDWARD BUIEL CONSULTING, LLC d/b/a COULOMETRICS LLC, *et al.*, | ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 1:19-cv-368-PLR-SKL |
| ADRIAN YAO, *et al.*, | ) ) | |
| *Defendants*. | ) | |

## **ORDER**

Before the Court is a motion for an extension of time to respond to discovery requests filed by Plaintiffs [Case No. -366, Doc. 8; Case No. -368, Doc. 15], and a motion to withdraw as counsel filed by Plaintiffs' attorneys, John Jackson, Stephen Adams, and Chambliss, Bahner & Stophel, P.C. [Case No. -366, Doc. 10; Case No. -368, Doc. 17]. Defendants filed responses, and the Court conducted a hearing on both motions on January 30, 2020.

**I.     Motion to Withdraw as Counsel**

At the hearing, Plaintiffs indicated they consented to their attorneys' withdrawal from the case, and that they intended to engage new counsel, if possible. Under the circumstances, the Court finds Local Rule 83.4 addressing withdrawal of counsel has been satisfied.

Accordingly, the motion to withdraw [Case No. -366, Doc. 10; Case No. -368, Doc. 17] is **GRANTED** and Plaintiffs' attorneys, John Jackson, Stephen Adams, and Chambliss, Bahner & Stophel, P.C. shall be terminated as counsel of record for Plaintiffs. It is **ORDERED** that on or before **February 14, 2020**, Plaintiff Edward Buiel shall either (1) have new counsel file a notice of appearance on his behalf; or (2) file a written notice informing the Court that he intends to represent himself in this matter and that he has reviewed the requirements of Local Rule 83.13.[1] It is further **ORDERED** that on or before **February 14, 2020**, Plaintiff Edward Buiel Consulting, LLC, which is an entity that cannot represent itself in federal court, s*ee Wimberly v. Embridge*, 93 F. App'x 22, 22 (6th Cir. 2004) (citing *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970)), shall have new counsel file a notice of appearance on its behalf.

Plaintiffs are each **FOREWARNED** that any failure to fully comply with the Court's orders, including the deadlines set in this Order, will result in sanctions, up to and including dismissal of their claims.

The Clerk is **DIRECTED** to terminate Plaintiffs' attorneys, John Jackson, Stephen Adams, and Chambliss, Bahner & Stophel, P.C. as counsel of record from the case, and to mail a copy of this Order to all Plaintiffs at the address provided by withdrawing counsel: 1086 Duncan Ave., Chattanooga, TN 37404.

## II.     Motion for an Extension of Time

As discussed in greater detail in the hearing regarding Plaintiffs motion for extension of time to respond to discovery, to the extent that any deadline will expire before February 15, 2020,

---

[1] https://www.tned.uscourts.gov/sites/tned/files/localrules.pdf.

it is hereby extended to February 18, 2020 as the result of withdrawal of counsel. It is not necessary to address whether any such deadlines remain given the recent removal of this case. *See* Fed. R. Civ. P. 26 & 81. Also as discussed in the hearing, this extension shall apply to any deadline for Plaintiff(s) to respond to Defendants' countercomplaint.

The Court further **ORDERS** that any motion that was pending in state court at removal must be re-filed in this Court—after the good faith conferral process described below—before the Court will consider the motion. The parties shall not file any such motion until after they have conferred in good faith in an effort to agree on reasonable extensions of time or otherwise resolve their disputes without court intervention. With regard to discovery-related disputes that might remain after the parties meet and confer, the parties shall attempt to resolve the dispute by conference with the undersigned judge, which conference may be by telephone or in court. The parties are directed to **jointly** contact chambers (after the above noted election concerning replacement counsel for Plaintiffs) to request such a conference.

Accordingly, Plaintiffs' "Motion For Extension Of Time To Respond To Discovery" [Case No. -366, Doc. 8; Case No. -368, Doc. 15] shall be **TERMINATED**.

**SO ORDERED.**

**ENTER**:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE